Filed 12/28/22  Suprema Meats v. City of Oakland CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| SUPREMA MEATS, INC.,<br>　　　Plaintiff and Appellant,<br>v.<br>CITY OF OAKLAND,<br>　　　Defendant and<br>　　　Respondent. | A163448<br><br>(Alameda County<br>Super. Ct. No.<br>RG20058895) |

Suprema Meats, Inc. (Suprema) appeals from the trial court's denial of its petition for writ of administrative mandate. Suprema had challenged the decision by the City of Oakland's (Oakland) planning commission to reverse a zoning manager's grant of Suprema's application for a conditional use permit. Suprema contends the planning commission first voted to affirm the grant of the permit before improperly voting to reverse it. Suprema has failed to demonstrate any error in the commission's procedures, so we will affirm the judgment.

## BACKGROUND

Suprema applied for a conditional use permit and variance to legalize various improvements it had made to its building in Oakland.  Oakland's zoning manager approved the application in part, declared the project exempt from the California

1

Environmental Quality Act, and imposed conditions of approval. Suprema appealed this decision to the planning commission, as did the Golden Gate Community Association (Golden Gate), a group of residents in the neighborhood near Suprema's building who were opposed to Suprema's application.

Oakland's planning commission considered the appeals at a public hearing. The commission heard from Suprema, representatives of Golden Gate, and the public. The commission then considered a motion to affirm the environmental determination, deny Suprema's appeal, and uphold the zoning manager's decision. The commission's secretary explained that the vote was not to take action on the conditional use permit, but merely to take action on Suprema's appeal, and that the commission could later uphold or deny the conditional use permit when it ruled on the second appeal. The commission then voted unanimously in favor of the motion.

The commission next considered a motion to deny the environmental determination and uphold Golden Gate's appeal, which would have the effect of reversing the approval of the conditional use permit. That motion failed. The commission secretary explained that the commission could still consider a motion to affirm the environmental determination and deny Golden Gate's appeal, or it could continue the item to another date. After additional discussion on the merits of the appeal, the commission secretary advised the commission it could consider a new motion that was substantially the same or the same as the previous motion, or it could consider an entirely new motion. The

2

commission then considered a motion substantively identical to the previous one, which was to deny the staff's environmental determination, uphold Golden Gate's appeal, and deny the conditional use permit. This motion passed unanimously. The next day, the commission sent letters to Suprema informing it that the commission had denied Suprema's appeal and upheld Golden Gate's appeal.

Suprema filed a petition for writ of administrative mandate in the trial court, arguing that the first vote denying Golden Gate's appeal was the commission's final action on that appeal and that the commission acted outside its jurisdiction by holding a second vote and upholding Golden Gate's appeal. After an unreported hearing, the trial court denied the petition.

## DISCUSSION

"A trial court may issue a writ of administrative mandate where an agency has (1) acted in excess of its jurisdiction, (2) deprived the petitioner of a fair hearing, or (3) committed a prejudicial abuse of discretion. (Code Civ. Proc., § 1094.5, subd. (b).) 'Abuse of discretion is established if the [agency] has not proceeded in a manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.' (*Ibid.*)" (*Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1169.) Suprema contends the planning commission did not give it a fair hearing or proceed as required by Oakland's ordinances. Because there are no disputed issues of fact, this appeal concerns only questions of law, which we review de novo. (*Id.* at pp. 1169–1170.)

Suprema argues the planning commission's hearing was not fair and it did not proceed according to law because the commission first voted to deny Golden Gate's appeal and then held a second, improper vote to uphold it.[1]  The factual premise of Suprema's argument is mistaken, as the commission did not take more than one final action on Golden Gate's appeal.

The commission voted on three motions concerning Suprema's permit application.  The first, a motion to deny Suprema's appeal and uphold the zoning manager's decision, had no bearing on Golden Gate's appeal.  The commission secretary informed the commission before the vote that the motion on Suprema's appeal only concerned the commission's action on Suprema's appeal and would not be conclusive on the validity of the conditional use permit, so it was not intended to dictate the outcome of Golden Gate's appeal in any way.  The commission could therefore continue to consider the validity of the conditional use permit in the context of Golden Gate's appeal.

The second motion was to deny the environmental determination and uphold Golden Gate's appeal.  This motion failed, meaning the commission did not uphold Golden Gate's appeal.  However, the failure to uphold Golden Gate's appeal was not tantamount to denying that appeal, as Suprema assumes. The vote was against the *motion* to uphold the appeal, not a vote against the *appeal* itself.  The consequence of the failure of the second motion was merely that the commission did not take

---

[1] Suprema does not challenge the denial of its appeal.

4

action and the appeal remained a live issue for the commission's consideration.

The commission's secretary explained all this to the commission immediately after the vote on the second motion, noting that the failure of the motion meant the commission could still consider a motion to deny Golden Gate's appeal or could continue the consideration of that appeal to another meeting. None of the commission members expressed any confusion or dissatisfaction with this explanation. Indeed, before the secretary even provided his explanation, the chair of the commission said there would be further discussion about an additional motion, apparently to permit additional discussion that the secretary had cut short after voting had begun on the second motion.

The third motion was identical to the second, and the commission voted on it after further extended discussion about the merits of denying Suprema's application for a conditional use permit. This third motion passed unanimously. Because the commission had not disposed of Golden Gate's appeal before it voted on the third motion, Suprema's argument that the Commission had already completed its functions before the third vote is incorrect.[2]

---

[2] Suprema's argument is limited to the contention that the third motion was superfluous and the commission improperly took two final actions on Golden Gate's appeal. Suprema does not argue that the commission's consideration of identical *motions* in succession was procedurally improper, much less cite any authority relevant to this issue.

5

Oakland's respondent's brief discusses the distinction between voting on motions and disposing of Golden Gate's appeal, but Suprema did not file a reply brief addressing the issue. The lone authority Suprema cites in its opening brief to carry its burden of affirmatively demonstrating error is Oakland Municipal Code section 17.132.030, which states that the commission's decision on an administrative appeal "shall be final immediately, except as otherwise provided in Section 17.132.040." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 ["the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error"].) Section 17.132.040 in turn states that commission decisions on appeals involving advertising near rapid transit routes can be appealed to the city council within 10 days. Reading these provisions together, section 17.132.030's definition of finality appears to mean only that no appeal of the commission's decision is possible. It does not appear to be intended to prevent the commission from reconsidering its actions. In any event, even if that were the effect of section 17.132.030, it still would not support Suprema's position here, because the commission did not take any action on Golden Gate's appeal until it passed the third motion.

## DISPOSITION

The trial court's judgment is affirmed.

BROWN, J.

WE CONCUR:

6

POLLAK, P. J.
GOLDMAN, J.

*Suprema Meats, Inc. v. City of Oakland* (A163448)